UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and ANNA
GUSTIN, in her fiduciary capacity as Director,

and

ROBERT BONANZA, as Business Manager of the
MASON TENDERS DISTRICT COUNCIL OF
GREATER NEW YORK,

     Petitioners,

   v.

COASTAL ENVIRONMENTAL GROUP INC,

     Respondent.

**OPINION AND ORDER**

20 Civ. 2131 (ER)

Ramos, D.J.:

  The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds") and their director Anna Gustin, along with the associated labor-management organization, the Mason Tenders District Council of Greater New York (the "Union") and its business manager Robert Bonanza (collectively, "Petitioners"), petition the Court to confirm an arbitration award against Coastal Environmental Group Inc. ("CEG").  Doc. 1.  For the reasons set forth below, the petitioners' motion is granted.

**I. Factual Background**

  The Funds are employee benefit plans and multiemployer plans as defined by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1002(3), 1002(37)(A).  *Id.* at ¶ 1.  The Funds are established by Benefit Plan and Pension Fund Trust Agreements

("Trust Agreements") and maintained pursuant to those agreements by a board of trustees composed of union and employer representatives in accordance with the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). *Id.* Employers contribute to the Funds on behalf of eligible employees pursuant to a collective bargaining agreement. *Id.* Anna Gustin directs the Funds. *Id.* The Union is a labor organization representing employers pursuant to § 185 of the Taft-Hartley Act. *Id.* at ¶ 2.

CEG is an employer bound by the 2013-2017 Mason Tenders District Council Independent Asbestos Collective Bargaining Agreement ("CBA"), which renews annually unless terminated by a party. *Id.* at ¶¶ 3, 6, 10. Under the CBA, employers must pay monthly contributions to the Funds and to the Union's Political Action Committee ("PAC") for all employees covered by the CBA at a set rate. *Id.* at ¶¶ 7, 11. The Trust Agreements allow for the Funds' Trustee to resolve disputes for unpaid contributions by arbitration. *Id.* at ¶ 13. In the event that such an action is successful, the employer is responsible for unpaid contributions plus interest, liquidated damages, reasonable attorney's fees and costs, and any other equitable relief the Court deems proper. *Id.* at ¶ 9.

CEG failed to pay the required fringe benefit and other contributions under the CBA from September 21, 2014 through September 26, 2015. *Id.* at ¶ 14. CEG also failed to pay interest on its late payments from October 1, 2014 through January 31, 2015. *Id.* In addition, CEG failed to pay fringe benefit and other contributions from September 27, 2015 through July 1, 2018. *Id.*

On January 28, 2019, the Funds referred their disputes with CEG to Arbitrator Joseph Harris. *Id.* at ¶ 15. By letter dated January 31, 2019, the Arbitrator scheduled the arbitration for February 28, 2019. *Id.*

On February 28, 2019, the Arbitrator conducted the arbitration. *Id.* at ¶ 16. CEG failed to appear. *Id.* The Funds submitted evidence from their auditors that, for the period from September 31, 2014 through September 26, 2015, CEG owed $118,648.55 in unpaid fringe benefits, $62,209.65 in unpaid dues and PAC contributions, $69,454.90 in current interest, and $30,023.80 in audit costs. *Id.* For the period from October 1, 2014 through January 31, 2015, CEG owed $934.53 in interest on late payments. *Id.* For the period from September 27, 2015 through July 1, 2018, CEG owed $452,489.63 in unpaid fringe benefits, $62,063.74 in dues and PAC contributions, $66,526.56 in current interest, and $105,580.90 in audit costs. *Id.*

On March 11, 2019, the Arbitrator issued an award ordering CEG to pay $1,241,395.18, which included the unpaid contributions, interest, and audit costs, as well as $271, 962.92 in liquidated damages, $500 in attorney's fees, and $1,000 in arbitration costs. *Id.* at ¶ 17; Doc. 1 at Ex. 1, p. 3. The Arbitrator found that CEG is bound by the CBA and had notice of the arbitration. *Id*. at p. 1. The arbitrator reviewed audit reports for the relevant time periods and found them credible. *Id.* at p. 2. CEG has not complied with the award. Doc. 1 at ¶ 18.

On March 10, 2020, Petitioners filed the instant petition to confirm the arbitration award. Doc. 1. Petitioners served CEG July 8, 2020. Doc. 6. CEG failed to respond within 21 days. Accordingly, the petition is considered unopposed.

## II. Legal Standards

Confirmation of an arbitral award normally takes the form of a summary proceeding that converts a final arbitration award into a judgment of the court. *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006). The court is required to grant the award "unless the award is vacated, modified, or corrected." *Id.* (quoting 9 U.S.C. § 9). An application for a judicial decree confirming an award receives "streamlined treatment as a motion, obviating the separate contract action that would usually be necessary to enforce or tinker with an arbitral award in court." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

In order to promote the goals of arbitration, which consist of "settling disputes efficiently and avoiding long and expensive litigation," arbitration awards "are subject to very limited review." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). It is not necessary that the arbitrator explain the rationale for the award; the award "should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (citation omitted). In short, as long as there is "a barely colorable justification for the outcome reached," a court should enforce an arbitration award — even if it disagrees with it on the merits. *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (citation omitted).

An unanswered petition to confirm an arbitration award is to be treated "as an unopposed motion for summary judgment." *D.H. Blair & Co.,* 462 F.3d at 110; *see also Trs. for the Mason Tenders Dist. Council Welfare Fund v. Earth Constr. Corp.*, No. 15 Civ. 3967 (RA), 2016 WL 1064625, at *3 (S.D.N.Y. Mar. 15, 2016) ("A district court

4

should treat an unanswered petition to confirm or vacate as an unopposed motion for summary judgment and base its judgment on the record.") (citation omitted).  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citation omitted).  A fact is "material" if it might affect the outcome of the litigation under the governing law.  *Id.*

Even if a motion for summary judgment is unopposed, courts are required to "review the motion . . . and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004) (citation omitted).  "[W]hen a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

If the burden of proof at trial would fall on the movant, that party's "own submissions in support of the motion must entitle it to judgment as a matter of law." *Albee Tomato, Inc. v. A.B. Shalom Produce Corp.*, 155 F.3d 612, 618 (2d Cir. 1998).  The Court must "construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant."

*Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)).

### III. Discussion

The Court finds that there is sufficient justification for this award. *Landy*, 954 F.2d at 797. The Arbitrator reviewed the CBA and Petitioners submission including auditor reports. Those reports reflected that CEG owed contributions and interest payments for the relevant time periods. Under the CBA, CEG is responsible for these contributions and interest. The award therefore reflects CEG's obligations under the CBA. "Where, as here, there is no indication that the decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law, a court must confirm the award upon the timely application of any party." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *3 (S.D.N.Y. Aug. 29, 2012).

The Court also finds that the award as to attorney's fees and costs is appropriate. CEG has not appeared in this case and has not attempted to modify or vacate the award. Courts "have routinely awarded attorney[']s fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. & M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (collecting cases).

Finally, the Court grants post-judgment interest on the award pursuant to 28 U.S.C. § 1961(a). *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-

judgment interest in mandatory on awards in civil cases as of the date judgment is entered.").

V.      **Conclusion**

For all of these reasons, the petition is granted and the arbitration award is confirmed. The Clerk is respectfully directed to enter judgment in favor of Petitioners in the amount of $1,241,395.18. This judgment shall accrue post-judgment interest pursuant to § 1961. The Clerk is further directed to mail a copy of this decision to CEG and to close the case.

SO ORDERED.

Dated:   April 5, 2021
         New York, New York

_____
Edgardo Ramos, U.S.D.J.